Nos. 15-16178, 15-16181, 15-16250

IN THE

# United States Court of Appeals for the Ninth Circuit

———————————————————————

| | |
|---|---|
| ABDUL KADIR MOHAMED,<br>Plaintiff-Appellee,<br>v.<br>UBER TECHNOLOGIES, INC., *et al.*,<br>Defendants-Appellants. | No. 15-16178<br>No. C-14-5200 EMC<br>N. Dist. Cal., San Francisco<br>Hon. Edward M. Chen presiding |
| RONALD GILLETTE,<br>Plaintiff-Appellee,<br>v.<br>UBER TECHNOLOGIES, INC.,<br>Defendant-Appellant. | No. 15-16181<br>No. C-14-5241 EMC<br>N. Dist. Cal., San Francisco<br>Hon. Edward M. Chen presiding |
| ABDUL KADIR MOHAMED,<br>Plaintiff-Appellee,<br>v.<br>HIREASE, LLC.,<br>Defendant-Appellant. | No. 15-16250<br>No. C-14-5200 EMC<br>N. Dist. Cal., San Francisco<br>Hon. Edward M. Chen presiding |

## APPELLANTS' JOINT REQUEST FOR JUDICIAL NOTICE

JOSHUA S. LIPSHUTZ
KEVIN J. RING-DOWELL
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

THEODORE J. BOUTROUS, JR.
THEANE D. EVANGELIS
GIBSON, DUNN & CRUTCHER LLP
333 S. Grand Ave.
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

*Counsel for Defendants-Appellants Uber Technologies, Inc. and Rasier, LLC*
*[Additional Counsel Listed on Inside Cover]*

| | |
|---|---|
| PAMELA Q. DEVATA<br>NICHOLAS R. CLEMENTS<br>SEYFARTH SHAW LLP<br>560 Mission Street, Suite 3100<br>San Francisco, California 94105<br>Telephone:  415.397.2823<br>Facsimile:   415.397.8549 | TIMOTHY L. HIX<br>SEYFARTH SHAW LLP<br>333 S. Hope Street, Suite 3900<br>Los Angeles, CA 90071<br>Telephone:  213.270.9600<br>Facsimile:   213.270.9601 |

*Counsel for Defendant-Appellant Hirease, LLC*

## JOINT REQUEST FOR JUDICIAL NOTICE

Defendants-Appellants Uber Technologies, Inc., Rasier, LLC, and Hirease, LLC (collectively, "Uber") respectfully request that the Court take judicial notice of the documents listed below in connection with their Joint Opening Brief, pursuant to Federal Rule of Evidence 201.

### I. Documents Filed in *O'Connor v. Uber Technologies, Inc.*

The following documents were filed with the U.S. District Court for the Northern District of California in *O'Connor v. Uber Technologies, Inc.*, No. C-13-3826 (EMC):

- **Exhibit A**: Class Action Complaint, filed August 16, 2013, ECF No. 1.

- **Exhibit B**: Plaintiffs' Emergency Motion for Protective Order to Strike Arbitration Clauses, filed August 21, 2013, ECF No. 4.

- **Exhibit C**: Order Granting in Part Plaintiffs' "Renewed Emergency Motion for Protective Order to Strike Arbitration Clauses," entered December 6, 2013, ECF No. 60.

- **Exhibit D**: Plaintiffs' Proposed Corrective Notice, filed December 20, 2013, ECF Nos. 64 and 64-1.

- **Exhibit E**: Submission of Uber Technologies, Inc. pursuant to the Court's December 6, 2013 Order and Declaration of Robert Jon Hendricks, filed December 20, 2013, ECF Nos. 66, 66-1, and 66-2.

- **Exhibit F**: Order Denying Defendant's Motion for Reconsideration, entered May 1, 2014, ECF No. 98.

- **Exhibit G**: Submission of Uber Technologies, Inc. pursuant to the Court's May 1, 2014 Order (Dkt. No. 98), filed May 9, 2014, ECF Nos. 100, 100-1, 100-2, and 100-3.

- **Exhibit H**: Order Approving in Part Defendant's Corrective Notices, entered May 29, 2014, ECF Nos. 106, 106-1, 106-2, and 106-3.

- **Exhibit I**: Further Submission of Uber Technologies, Inc. pursuant to the Court's May 29, 2014 Order (Dkt. No. 106), filed June 2, 2014, ECF Nos. 109, 109-1, 109-2, 109-3, 109-4, and 109-5.

- **Exhibit J**: Order re Defendant's Corrective Notices, entered June 18, 2014, ECF Nos. 111, 111-1, 111-2, 111-3, 111-4, and 111-5.

- **Exhibit K**: Declaration of Shannon Liss-Riordan in Support of Plaintiffs' Motion for Class Certification; Liss-Riordan Exhibit 1 (copy of a screenshot of Uber's website); and Declaration of Adelaide Pagano in Support of

Plaintiffs' Motion for Class Certification, filed April 23, 2015, ECF Nos. 277, 277-1 and 277-15.

- **Exhibit L**: Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification, entered September 1, 2015, ECF No. 341.

- **Exhibit M**: Uber's Reply and Supporting Declaration in Support of Motion to Compel Arbitration as to Certain Absent Class Members, filed October 1, 2015, ECF Nos. 356 and 356-1.

True and correct copies of the above-listed documents are attached hereto as Exhibits A through M.

Federal Rule of Evidence 201 allows federal courts to take judicial notice of matters of record in other court proceedings "both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992) (internal citations omitted); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011). On that basis, this Court has taken judicial notice of pleadings and memoranda in other litigations. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Uber requests judicial notice of the above-listed documents from the *O'Connor* litigation. This Court has already declared the *O'Connor* proceedings to

3

be related to the matters at issue in these consolidated appeals. *See Gillette v. Uber Techs., Inc.*, No. 15-16181, ECF 56 (9th Cir.). And the particular documents attached hereto directly pertain to the issues and arguments presented in Uber's Joint Opening Brief. Specifically, these documents demonstrate that the district court undertook an active role in drafting, approving, and ordering Uber to disseminate the 2014 Arbitration Provision—an arbitration agreement that the district court itself later invalidated on the basis of supposed unconscionability—and contain district court findings and other information directly relevant to the findings contained in the Arbitration Order under review in these appeals. The attached exhibits are "not subject to reasonable dispute" and substantiate facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

**II.    JAMS Policy on Employment Arbitration**

Uber also requests that the Court take judicial notice of the following document:

- **Exhibit N**: A true and correct copy of the JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness, effective July 15, 2009 ("JAMS Policy"), *available at*

4

http://www.jamsadr.com/employment-minimum-standards/ (last visited October 21, 2015).

The JAMS Policy "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Since JAMS arbitration rules are referenced in both licensing agreements at issue in this consolidated appeal, and have been invoked by both the Plaintiffs and the district court, the JAMS Policy is relevant to an issue on appeal—specifically, whether Plaintiffs would be required to pay "significant forum fees" to arbitrate their claims, as the district court erroneously believed. *See Gillette v. Uber Techs., Inc.*, C-14-5241 EMC, Dkt. No. 48 at 32. This Court should therefore take judicial notice of the attached JAMS Policy. *See, e.g.*, *Robbins v. B & B Lines, Inc.*, 830 F.2d 648, 651 n.6 (7th Cir. 1987) (taking judicial notice of AAA arbitration rules); *Loewen v. Lyft, Inc.*, -- F. Supp. 3d --, 2015 WL 5440729, at *10 (N.D. Cal. Sept. 15, 2015) (taking judicial notice of AAA rules relevant to arbitration agreements).

Dated: October 21, 2015

Respectfully submitted,

  */s/ Theodore J. Boutrous, Jr.*

GIBSON, DUNN & CRUTCHER LLP

*Attorneys for Defendants-Appellants Uber Technologies, Inc. and Rasier, LLC*

  */s/ Timothy Hix*

SEYFARTH SHAW LLP

*Attorneys for Defendant-Appellant Hirease LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 21, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: October 21, 2015

*/s/ Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr.